## THOMAS v. BOYD.

Where a will vested a fee simple in the children of the testator, with the condition that they should support his widow and one of his sons during life, furnishing them a residence, and provided that upon failure of such support, &c., the devisees, or either of them, might subject the land to the payment of any debts necessarily incurred for their maintenance, &c., it was *held* that the will did not give the widow the primary right to control the land.

*Quære*, whether leasing the land was the proper course to be pursued by the widow, upon condition broken, to subject the land, &c.

APPEAL from the *Hendricks* Circuit Court.

HANNA, J.—Suit by *Boyd* to recover possession of lands.

Averment that he is the owner, for one year from, &c., and entitled to the possession of, certain lands described, &c.

Answer, first, denying that he is the owner, &c., and averring that the defendant is the owner, &c.; second, that two-thirds of said land was and is the soil and freehold of the defendant; third, specific denials of each allegation in complaint, and averment that plaintiff was benefited by being kept out of possession; fourth, admitting that plaintiff made a contract of renting with one *Martha Hiatt*, by virtue of which he would have been entitled to the possession of said land if he had complied with said contract, but that he did not comply, &c., in this, that he was to give security for the payment of the rent, which he did not do, and that he was notoriously insolvent; and defendant, having purchased said rent of said *Martha*, refused to suffer said plaintiff to take possession of said land; and that plaintiff has suffered no damage by being kept out of possession, &c.

To the three last paragraphs of the answer, there was a general denial.

To the first, there was a denial, and also [averments] that the title of defendant is inferior to that of plaintiff; that defendant derived his title through the children of one *Harman Hiatt;* that by the will of said *Harman*, the said land was subject to the use and occupation of said *Martha*, for and during her natural life; that neither said defendant, nor those under whom he claims, had any title or interest in said lands without first providing said *Martha* with a support and residence for her life, which they did not do, &c.; and, therefore, she had a right to and did lease, &c.

The evidence shows that *Martha Hiatt* and her children had occupied the lands for several years after the death of *Harman*, said *Martha* for most of the time renting and controlling the farm, her sons sometimes controlling it; that she and plaintiff executed an agreement by which he was to have possession, &c., of said lands, for one year from the first of *March*, 1858; that after the agreement was executed, and before the first of *March*, she required him to

give security for the payment of the rent, 150 dollars, which he refused to do, and she then rented to defendant "by the year, or so long as she should live," at 100 dollars per year, and the defendant agreed "to take the farm as it now stands, and take his chances for his rent from *Henderson Boyd.*"

The judgment of the Court was that *Boyd* recover the possession of the lands and costs.

The correctness of the finding and judgment depends upon whether, under the circumstances, *Martha Hiatt* had the right to rent the premises, &c., to said *Boyd*, and whether he had, even if the lease was valid, such an interest in the lands as would enable him to maintain his action for possession.

The will of *Harman Hiatt*, upon which the right of *Martha* to make a lease is based, is, so far as that point is involved, as follows:

" And I will and bequeath unto my children, *Alfred Hiatt, Mary Jane Hiatt, Edna Hiatt, Elizabeth Hiatt, Spencer Hiatt*, and *Rufus Hiatt*, and to their heirs and assigns forever, the real estate of which I am seized, &c. (describing it). The said real estate, however, is to be subject and liable for the support, maintenance, apparel, and residence of my wife, *Martha Hiatt*, and my son, *John A. Hiatt*, during their natural life. The said *Alfred, Mary Jane, Edna, Elizabeth, Spencer*, and *Rufus* furnishing, or causing to be furnished, at all times, a comfortable residence and support of food and raiment, also proper medical attention during the whole of the aforesaid time; and should the said *Alfred, Mary Jane, Edna, Elizabeth, Spencer*, and *Rufus* refuse or fail to furnish the said *Martha* and *John* with the necessaries aforesaid, then, and in that case, the said *Martha* and *John*, or either of them, may subject said lands to the payment of any debts necessarily incurred for their maintenance, residence, and apparel, as aforesaid, or any other person to whom the same may be due and owing."

The said *Martha* and *Alfred* were appointed to execute the will.

It was in evidence that said *John A.* was dead, and that

the defendant had obtained conveyances for the interests of *Elizabeth, Edna, Spencer,* and *Rufus,* heirs of said *Harman.*

The will vested the fee simple in the children of the testator there named, and cast upon them the burden of supporting his widow and one of his sons, so long as they should live, including a comfortable residence. Whether it was intended that the residence should be on the land so devised, or not, is not material to the determination of the point now at issue. The will did not give the primary right to the widow to control the land. If the legatees furnished her with all things requisite, by the terms of the will, she had no right to interfere with the property so bequeathed. If she possessed such right, it arose out of some contract or arrangement, either express or implied, entered into after the execution of the will. The failure or refusal of those who were ultimately to receive the land, to provide as required by the will, gave her certain rights, consequent upon such failure, to-wit, to subject the land to the purposes of support contemplated by the will. But, in the first instance, it seems to us that she looked to the persons named in the will for the intended support, nevertheless with the right reserved to charge the land with that burden, if they refused or failed in that respect. The obligation was equally binding upon the legatees, whether the land would annually yield ten times as much as might be necessary for that purpose, or would not yield one-tenth as much.

The plaintiff, in his replication, averred that the persons named had failed to make the provision required by the will. The evidence is all in the record. As no evidence was given establishing that fact, nor the fact that she possessed the right, by virtue of any contract or agreement, to lease the lands, there was such a failure of proof as required that a new trial should have been granted.

It is not necessary for us to decide whether leasing the land was the proper mode to resort to, under the will, to subject it to outlays necessary for the support of said *Martha* (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. C. Nave* and *J. Witherow,* for the appellant.

(1) See *Petro* v. *Cassiday, ante,* 289.